NEW-YORK,
Nov. 1810.

HEARSEY
v.
BOYD.

----

## HEARSEY *against* BOYD.

IN error, on *certiorari*, from a justice's court. This was also a suit in the court below, for taking more *toll* 32. c. 189.) incorporating the *Mohawk* turnpike and bridge company, to the inhabitants of *Schenectady*, going to market with the produce of their farms, and returning from market, of paying only *half* toll, is *personal*, and is waived if the person carries, or brings back from the place of market, the goods of others ; and though he carries the produce of his farm to market, yet if, on his return, his wagon is loaded in part with his own goods, and in part with the goods of others, he must pay full toll for the return load.

The privilege granted by the second section of the act, (sess.

NEW-YORK,
Nov. 1810.

HEARSEY
v.
BOYD.

for passing the bridge at *Schenectady* than the act allows.
The only difference between this case and that of *Hear-
sey* v. *Pruyn*, is, that the plaintiff below, *Boyd*, alleged,
that he was returning from *market*, where he had been
with a load from the city of *Schenectady*, of which he is
an inhabitant; and that 12 1-2 cents *toll* were exacted
from him. It appeared, that in passing the bridge to go
to market, only 6 1-4 cents toll was demanded and paid.
The plaintiff, when the full toll was demanded on his re-
turn, told the defendant below that he was coming from
market, and that if the defendant exacted *full toll*, the
plaintiff would sue him for it. It was not clearly proved
that the defendant had been to market with the produce
of his farm; but receipts were produced, given by mer-
chants in *Albany* for wheat delivered to them by the
plaintiff. On his return, his wagon load weighed about
840 pounds, and consisted of goods, a part only of
which belonged to himself, and the residue to other
persons.

*Henry*, for the plaintiff in error.

*J. B. Yates*, contra.

VAN NESS, J. delivered the opinion of the court.
Two of the points made upon the argument have already
been disposed of, in the judgment just pronounced in
the cause of *Hearsey* v. *Pruyn*, and the only one re-
maining is, whether the defendant here was entitled, on
his return from *Albany*, to pass the bridge for half toll.
Admitting that he had carried to market a load of the
produce of his farm, which I do not mean to question,
I am of opinion that he was liable, notwithstanding,
when he returned, to pay the full toll given in the first
section of the statute. It is stated, that the defendant
had upon his wagon a load weighing about 840 pounds,
consisting of goods, some part belonging to himself, *and*

*the residue to others.* The privilege of going to market with the produce of his own farm, and returning there-from for half toll, is personal, and when he becomes a carrier for others, this privilege is waived, and the rea-son for the mitigation of the toll does not apply to him. The intention of the legislature obviously was, to give this indulgence to the farmers within the limits mentioned in the act; as the payment of full toll, consi-dering the very frequent use they would make of the bridge, would be unreasonable and oppressive. This is clear, from the words of the act, which gives the exemp-tion from paying full toll to those who pass the bridge when carrying the produce of their farms. It is not, however, to be understood, that they are obliged to re-turn entirely empty. A reasonable interpretation must be given to the act, so as on the one hand, to secure to the corporation the toll to which they are legally entitled, and on the other, to protect those who use the bridge from imposition and extortion. The defendant, upon his return with a load of goods belonging to himself and others, cannot be deemed to come within the spirit and reason of the second section of the statute; and to per-mit him to pass the bridge under such circumstances, paying half toll only, would be a palpable violation of the legal rights of the corporation. The city of *Sche-nectady* already is, and is daily becoming more and more the place of deposit for goods, to be conveyed to the western and some of the northern counties in the state. That every farmer, when returning from market, may carry a load of goods and still be entitled to pass the bridge for half toll, would be giving the act a most un-reasonable construction, and one which I am persuaded the legislature never contemplated. The court are of opinion, that the judgment below ought to be reversed.

Judgment reversed.